UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA ,

    Plaintiff,

v.

FAWN JONES,

    Defendant.

                                       /

File No.  1:05-CR-290

HON. ROBERT HOLMES BELL

## **O P I N I O N**

Defendant Fawn Jones has been indicted in a superseding indictment on one count of wire fraud in violation of 18 U.S.C. § 1343, and one count of making and using a false document in violation of 18 U.S.C. § 1001.  This matter is currently before the Court on the government's motion to admit Rule 404(b) evidence.

The government has alleged that Defendant misappropriated approximately $100,000 in Justice Department grant funds and then made false statements to conceal the misappropriations.  The government intends to prove misappropriation with evidence that Defendant used the public funds for her own personal benefit.  Through this motion the government requests authorization to introduce evidence that at the time of the alleged fraud Defendant was experiencing severe financial problems, as evidenced by debts that had been turned over to collection agencies, debts that were the subject of civil judgments for non-payment, and debts that had been charged off by other creditors.  The government also seeks

to introduce evidence that Defendant obtained short-term loans from cash-advance stores and that many merchants refused to take checks from her. The government contends this evidence is admissible as proof of motive and intent. FED. R. EVID. 404(b).

Defendant objects to the introduction of this evidence. Defendant contends that the government will not be able to show that the money the government alleges was fraudulently obtained was used to pay her debts or to ease her financial burden and that in the absence of evidence connecting her alleged fraud to her financial situation, the evidence is not probative of intent or motive. In the alternative, Defendant contends that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice because the jury might use this evidence to find that Defendant is a bad person because she cannot manage her finances.

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," but it may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." FED. R. EVID. 404(b). Evidence is only admissible under Rule 404(b) if (1) there is sufficient evidence that the other act in question actually occurred, (2) the evidence of the other act is probative of a material issue other than character, and (3) the probative value of the evidence is not substantially outweighed by its potential prejudicial effect. *United States v. Bartholomew*, 310 F.3d 912, 922 (6th Cir.

2002).  If 404(b) evidence is admitted, the Court must instruct the jury on the uses for which the evidence was offered.  *United States v. Newsom*, 452 F.3d 593, 605 (6th Cir. 2006).

Defendant does not contest the accuracy of the government's evidence regarding her financial situation.  She focuses instead on the second and third prongs of the 404(b) admissibility test.  The Court accordingly turns to consideration of whether evidence of Defendant's financial problems is probative of a material issue other than character, and, if so, whether its probative value is substantially outweighed by the danger of unfair prejudice.  FED. R. EVID. 403.

The government contends that Defendant's financial status is probative of her intent to defraud.  Specific intent is an element of the crime of wire fraud.  *United States v. Daniel*, 329 F.3d 480, 487 (6th Cir. 2003).  Specific intent means

> not only that a defendant must knowingly make a material misrepresentation or knowingly omit a material fact, but also that the misrepresentation or omission must have the purpose of inducing the victim of the fraud to part with property or undertake some action that he would not otherwise do absent the misrepresentation or omission.

*Id*. (quoting *United States v. DeSantis*, 134 F.3d 760, 764 (6th Cir. 1998).

The Sixth Circuit has held that where the government, "either by virtue of the defense raised by the defendant or by virtue of the elements of the crime charged, [has] the affirmative duty to prove that the underlying prohibited act was done with a specific criminal intent, other acts evidence may be introduced under Rule 404(b)."  *United States v. Brown*,

3

147 F.3d 477, 483 (6th Cir. 1998) (quoting *United States v. Myers*, 123 F.3d 350, 363 (6th Cir. 1997)).

Where 404(b) evidence has been admitted to show intent in fraud cases, the evidence has involved similar conduct that supports a finding of fraudulent intent. *See*, *e.g.*, *United States v. Fraser*, 448 F.3d 833, 835 (6th Cir. 2006) (holding that book authored by defendant describing exact counterfeit-check scheme for which he was found guilty was admissible to prove specific intent and to defeat defense of having been tricked); *United States v. Gold Unlimited, Inc.*, 177 F.3d 472, 488 (6th Cir. 1999) (noting that evidence of a prior similar scheme to defraud was extremely probative of defendant's intent); *Brown*, 147 F.3d at 483 (holding that evidence of defendant's activities at other telemarketing agencies was admissible to show specific intent for wire fraud).

In this case the government is not offering evidence of prior similar acts, but evidence of Defendant's financial distress. None of the cases the government relies on suggests that a person's financial distress is probative of the specific intent element of a fraud charge.

Nevertheless, the government offers this evidence not only for intent, but also to show motive. The Court agrees with the government that an individual's financial distress can be very probative of a motive to defraud. *See*, *e.g.*, *United States v. Logan*, 250 F.3d 350, 369 (6th Cir. 2001) (noting that income evidence was relevant to demonstrate that financial gain was the motive for the crimes charged); *United States v. Thorpe*, No. 97-5078, 1998 WL 738624 (6th Cir. Oct. 15, 1998) (unpublished) (holding that evidence of defendant's need

for money to bankroll gambling activities was admissible to prove motive for tax fraud); *United States v. Bates*, No. 04-2044, 2005 WL 2087835 (6th Cir. Aug. 24, 2005) (concluding that trial court abused its discretion in excluding evidence of defendant's financial woes, offered as evidence of motive for bank robbery).

The evidence the government seeks to admit may tend to show a lack of responsibility toward financial matters. However, none of the evidence involves illegal or even intrinsically bad acts. Accordingly, although the evidence of Defendant's financial distress may be somewhat prejudicial, it is not unfairly prejudicial. The Court is satisfied that the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice. Accordingly, the Court will allow the evidence of Defendant's financial situation to show motive, but not intent.

An order consistent with this opinion will be entered.


Date:      August 28, 2006             /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT JUDGE